IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

BYRON JOSEPH KNOX,

       Plaintiff,

vs.                                      No. 06-2185-B/V

WARDEN T.C. OUTLAW,

       Defendant.

_____

ORDER TO COMPLY WITH PLRA
ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
_____

      Plaintiff Byron Joseph Knox, Bureau of Prisons registration number 13713-058, an inmate at the Federal Correctional Institution (FCI),[1] in Butner, North Carolina, filed a handwritten complaint under <u>Bivens v. Six Unknown Fed. Agents</u>, 403 U.S. 388 (1971). The Clerk of Court shall record the Defendant as T.C. Outlaw.

I.    <u>Assessment of Filing Fee</u>

      Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a). The <u>in forma pauperis</u> statute, 28 U.S.C. § 1915(a) merely provides the

---

[1] The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has not properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement showing:

1)   the average monthly deposits, and
2)   the average monthly balance

for the six months prior to submission of the complaint, and

3)   the account balance when the complaint was submitted.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the Plaintiff cooperate fully with prison officials in carrying out this order.  It is ORDERED that within thirty (30) days of the entry of this order the Plaintiff properly complete and file both an in forma pauperis affidavit and a trust fund account statement showing the above amounts.  It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit.  When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court.  If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the Plaintiff's account and forward them to the Clerk of Court.

On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order, and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address.  If still confined he shall provide the officials at the new prison with a copy of this order.

If the Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison.  The obligation to pay this filing fee shall continue despite the immediate dismissal of this case.  28 U.S.C. § 1915(e)(2).  The Clerk shall not issue process or serve any papers in this case.

II. <u>Analysis of Plaintiff's Claims</u>

Knox sues Federal Correctional Institution at Memphis Warden T.C. Outlaw alleging that during his confinement in Memphis, the Defendant denied him corrective shoes and surgery for a painful medical condition affecting his feet.[2]  Plaintiff further claims that he was required to wear steel toe boots during his incarceration at Memphis for over twelve months.  Knox contends that he pursued his administrative remedies at each institution of confinement but did not receive the requested relief until October 4, 2005.

The BOP has adopted an administrative remedy program, 28 C.F.R. §§ 542.10-542.19, that is applicable to <u>Bivens</u> actions.  <u>See, e.g.</u>, <u>Robinson v. Young</u>, No. 00-6127, 20 Fed. Appx. 476, 477 (6th Cir.

---

[2]  Knox alleges that the condition was diagnosed on October 8, 1999, during his incarceration at the federal prison in Beckley, West Virginia.  He does not relate the dates of his confinement in Memphis.

4

Sept. 26, 2001); <u>Barksdale v. Rauschel</u>, No. 99-2233, 2000 WL 1434492, at *1 (6th Cir. Sept. 18, 2000).  The Warden has the initial responsibility for responding to grievances (28 C.F.R. § 542.11(a)) but an inmate who is not satisfied with the Warden's response may appeal to the BOP's regional director "within 20 calendar days of the date the Warden signed the response" and, thereafter, to the general counsel of the BOP "within 30 calendar days of the date the Regional Director signed the response." <u>Id.</u> § 542.15(a).  Moreover, according to the regulations, "response shall be made by the Warden . . . within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." <u>Id.</u> § 542.18.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a prison conditions claim without prejudice whenever a prisoner has not demonstrated that he has exhausted his administrative remedies. <u>Brown v. Toombs</u>, 139 F.3d 1102 (6th Cir. 1998).  This condition places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. <u>Knuckles El v. Toombs</u>, 215 F.3d 640, 642 (6th Cir. 2000).

> In order to comply with the mandates of 42 U.S.C. § 1997e(a),
>
> a prisoner must plead his claims with specificity and show
> that they have been exhausted by attaching a copy of the
> applicable administrative dispositions to the complaint
> or, in the absence of written documentation, describe with
> specificity the administrative proceeding and its outcome.

Knuckles El, 215 F.3d at 642; see also Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002)(prisoner who fails to adequately allege exhaustion may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001)(no abuse of discretion for district court to dismiss for failure to exhaust when Plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

Knox has not attached any copies of his grievance or responses to his complaint. His present lawsuit does not detail the allegations raised or any parties named in the grievance filed during his incarceration in Memphis. The Court is unable to determine, therefore, that Knox named Warden Outlaw in the grievance, as required by Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (Plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); and Curry, 249 F.3d at 504. Accordingly, the allegations of the complaint are insufficient to demonstrate that Knox exhausted his remedies against Warden Outlaw and the Court

dismisses this complaint without prejudice under 42 U.S.C. § 1997e(a)

III.  Appeal Issues

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  Under Brown v. Toombs an appellate court must dismiss a complaint if a prisoner has failed to comply with § 1997e's exhaustion requirements.  Accordingly, if a district court determines that a complaint must be dismissed for want of exhaustion, the Plaintiff would not yet be able to present an issue in good faith on appeal because that appeal would also be subject to immediate dismissal.  Thus, the same considerations that lead the Court to dismiss this case for failure to exhaust administrative remedies compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith, and Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case.[3] In <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(b).

IT IS SO ORDERED this 31st day of August, 2006.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE

---

[3]  Effective April 9, 2006, the fee for docketing an appeal is $450. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.